Filed 11/26/14  P. v. Carter CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061324 |
| v. | (Super.Ct.No. FSB1304971) |
| ALEX RAMON CARTER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Alex Ramon Carter, in pro. per.; and Trenton C. Packer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### FACTUAL AND PROCEDURAL HISTORY

On November 14, 2013, a complaint charged defendant and appellant Alex Ramon Carter with felony corporal injury to a spouse/cohabitant/child's parent under Penal Code section 273.5, subdivision (a) (count 1); felony child abuse under Penal Code section

1

273a, subdivision (a) (count 2); and (3) felony possession of a controlled substance under Health and Safety Code section 11350, subdivision (a) (count 3).

On November 22, 2013, defendant entered into a plea agreement wherein he agreed to plead guilty to count 1 (felony corporal injury to a spouse/cohabitant/child's parent); and count 2 (misdemeanor child abuse). In exchange for his guilty plea, the plea agreement provided for suspension of the proceedings, four years of formal probation, and 180 days county jail as a condition of probation. The plea form indicated that the sentencing range for count 1 was two, three, or four years; and the sentencing range for count 2 was one year.

Pursuant to the plea agreement, on November 22, 2013, defendant pled guilty to counts 1 and 2, and the trial court accepted defendant's guilty plea. On December 26, 2013, the court placed defendant on 48 months of supervised probation, and sentenced defendant to 180 days in county jail as a condition of probation, to be served on work release.

On January 28, 2014, the prosecution filed an allegation that defendant violated probation by failing to serve county jail time as a condition of probation. The court ordered defendant's probation revoked. On March 26, 2014, defendant admitted that he violated his probation. Therefore, the court revoked and terminated defendant's probation. The court then sentenced defendant to the low term of two years on count 1 and awarded 150 days of custody credits.

At the probation revocation hearing, defense counsel explained to the court that defendant had admitted to violating his probation in exchange for the court's agreement

to sentence defendant to the low term of two years. Defendant engaged in a colloquy with the court in which he indicated that he understood and waived his rights to a hearing, to be represented by counsel at a hearing, to testify or remain silent, to compel witnesses to testify on his behalf, and to cross-examine witnesses against him. On May 29, 2014, defendant filed his notice of appeal. Defendant's request for a certificate of probable cause was denied.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On October 30, 2014, defendant filed a one-page handwritten supplemental brief. In his brief, it appears that defendant is arguing about the merits of his plea agreement. Defendant states, "I was looking at my attorney and thinking about how he told me to take the deal because of my record and that there's no way I am going to win. [¶] . . . [¶] Everything that was told to me to induse [*sic*] my plea is off [the] record, the court didn't proceed until they made sure that I was going to agree with everything the Judge [was] going to say." Defendant, however, pled guilty in this case, and the trial court denied his request for a certificate of probable cause. Because the trial court denied defendant's request for a certificate of probable cause, his appeal is limited to "postplea

3

claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) Moreover, defendant argues that he "didn't run from probation[.]" Defendant, however, admitted that he violated probation at his revocation hearing. The court was clear in getting defendant's waiver, and indicated from the beginning that "based on [defendant's] record and the nature of this offense," defendant was not going to be placed on probation again.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

4